People v Sims (2023 NY Slip Op 01966)

People v Sims

2023 NY Slip Op 01966

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Webber, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 

Ind. No. 1357/13 Appeal No. 52 Case No. 2015-1309 

[*1]The People of the State of New York, Respondent,
v
Cornell Sims, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Elizabeth B. Emmons of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Meghan McLoughlin of counsel), for respondent.

Order, Supreme Court, New York County (Laura A. Ward, J.), entered on or about November 18, 2014, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-c), unanimously affirmed, without costs.
The court correctly assessed 15 points under the risk factor for drug or alcohol abuse. Defendant admitted to a long history of drug use that was not remote in time, and drug testing resulted in a referral to a substance abuse program in prison (see People v Ramos, 171 AD3d 483, 484 [1st Dept 2019], lv denied 33 NY3d 912 [2019]; People v Greene, 154 AD3d 583 [1st Dept 2017], lv denied 30 NY3d 913 [2018]).
The record supports the court's upward departure to level two. Clear and convincing evidence established aggravating factors not adequately taken into account by the risk assessment instrument (see generally People v Gillotti, 23 NY3d 841, 861-862 [2014]), "which assessed points based on the mere existence of certain prior convictions but did not sufficiently reflect the egregious pattern and risk of recidivism reflected in defendant's criminal background" (People v Carmona, 212 AD3d 537, 537 [1st Dept 2023]; see People v Taylor, 154 AD3d 524 [1st Dept 2017], lv denied 30 NY3d 909 [2018]). Defendant committed the underlying crime after he had already been convicted three times of the same type of sex crime and after he had previously been adjudicated a level two offender. These aggravating factors also outweighed the unexceptional mitigating factors cited by defendant.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023